**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| IN RE ) | |
| ) | |
| **NORMA FAYE KELLY,** ) | |
| ) | **Case No. 08-CV-2285** |
| Debtor, ) | |
| ) | |
| ) | |
| **NORMA FAYE KELLY,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **FIRST MID-ILLINOIS BANK & TRUST,** ) | |
| N.A., a banking corporation, MARK ) | |
| BLUHM and CHARLES MILLER, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before this court for ruling on the Motion for Leave to Appeal filed by Defendants, First Mid-Illinois Bank & Trust, N.A., Mark Bluhm and Charles Miller. Following this court's careful review of Defendants' Motion and the Objection filed by Plaintiff, Norma Faye Kelly, this court concludes that Defendants have failed to establish that an interlocutory appeal should be allowed in this case. Accordingly, Defendants' Motion for Leave to Appeal is DENIED and this case is terminated.

BACKGROUND

On April 24, 2006, Defendant First Mid-Illinois Bank & Trust, N.A. (Bank), filed a Complaint against Plaintiff in the circuit court of Coles County. The Bank sought judgment against Plaintiff for an amount in excess of $71,000.00 as a result of Plaintiff's default and continued failure to pay on notes with the Bank. Plaintiff failed to respond, and a default judgment was entered against Plaintiff on July 24, 2006. Plaintiff was subsequently served with a citation to discover

assets, and a hearing was scheduled on February 23, 2007. Plaintiff appeared at the hearing and asked for a continuance because the new attorney she retained to represent her was unavailable to appear at that time. The circuit court granted the request for a continuance and the matter was continued to April 9, 2007. On that date, a suggestion of bankruptcy was filed in the circuit court. Plaintiff's bankruptcy case is assigned Case No. 07-90482 in the bankruptcy court.

On March 17, 2008, Plaintiff filed an adversary case in the bankruptcy court against the Bank, Bluhm and Miller. Bluhm is a former vice president of the Bank and Miller is a current vice president of the Bank. The case was assigned Case No. 08-09012 in the bankruptcy court. In her adversary complaint, Plaintiff claimed that Defendants committed conversion and breach of fiduciary duty in 2005 by transferring funds placed in Plaintiff's accounts held with the Bank and applying those funds to notes between Plaintiff and the Bank.

On April 18, 2008, Plaintiff filed a Motion to Vacate Default Judgment in the circuit court of Coles County. On May 14, 2008, the Bank filed a Response to Plaintiff's Motion. The next day, Plaintiff filed a Notice of Removal and the case was removed to the bankruptcy court. It was assigned Case No. 08-09020 in the bankruptcy court. No hearing has been held in the bankruptcy court on the pending Motion to Vacate Default Judgment.

On July 14, 2008, Defendants filed a Motion to Consolidate adversary cases No. 08-09012 and 08-09020. On July 30, 2008, the bankruptcy court entered an order granting the Motion to Consolidate. Defendants filed a Motion to Dismiss Plaintiff's adversary case No. 08-09012 and sought judgment on the pleadings. Defendants argued that, because Plaintiff failed to pay on some or all of the notes Plaintiff entered into with the Bank, they had the right to engage in set-offs under Illinois common law, the signature card on the deposit account, and the terms of the notes. Defendants also argued that Plaintiff failed to give timely notice of any discrepancies with Plaintiff's

accounts as required by the Uniform Commercial Code and the agreements between the parties. In addition, Defendants argued that the doctrine of res judicata barred Plaintiff from proceeding with her adversary complaint against Defendants.

On September 16, 2008, a hearing was held regarding Defendants' Motion to Dismiss and for Judgment on the Pleadings. On October 2, 2008, Defendant submitted a brief in support of the application of res judicata. On November 6, 2008, United States Bankruptcy Judge Gerald A. Fines entered an Order denying the Motion to Dismiss and for Judgment on the Pleadings. Judge Fines also entered an Opinion the same day setting out the reasons for his ruling. In the Opinion, Judge Fines stated:

> In reviewing all of the motions before it, the affidavits in support of those motions, and the legal arguments submitted by the parties, the Court finds that there are genuine issues of material fact to be resolved. As a result, these matters are not ripe for either a dismissal or a judgment on the pleadings. The testimony submitted by the Debtors in their affidavits raises a significantly probative fact as to whether they were in default at the time the Defendant Bank made withdrawals from their accounts, together with other contested facts, requires this Court to deny the Motions to Dismiss and for Judgment on the Pleadings in both of the above-captioned adversary proceedings.[1]

---

[1] Judge Fines entered his Opinion in Plaintiff's case and also in the bankruptcy and adversary case involving Plaintiff's son, Dan Clinton Kelly. Defendants are also seeking to appeal from Judge Fines' Order and Opinion in Case No. 08-CV-2284 regarding Dan Clinton Kelly. That case appears to raise identical issues and has been assigned to Senior United States District Judge Harold A. Baker.

> In addition to finding that the Motions to Dismiss and for Judgment on the Pleadings must be denied as a result of [there] being genuine issues of material fact, this Court also finds that the Defendants' arguments as to the *res judicata* effect of the State Court litigation in Coles County, Illinois, is incorrect. The State Court litigation was not a final judgment on the merits and is, in fact, subject to a motion to vacate said default judgment filed by the Plaintiffs/Debtors pursuant to Illinois Code of Civil Procedure 735 ILCS 5/12-1401, which remained pending at the time that said case was removed to this Court on motion by the Plaintiffs/Debtors.

On November 13, 2008, Defendants filed a Notice of Appeal to the District Court and a Motion for Leave to Appeal. On November 20, 2008, Plaintiff filed an Objection to Defendants' Motion for Leave to Appeal. On November 20, 2008, the clerk of the Bankruptcy Court forwarded the Motion for Leave to Appeal and Objection to the Motion to this court for decision.

ANALYSIS

A bankruptcy court's denial of a motion to dismiss is an interlocutory order. See In re Beale, 2008 WL 538913, at *2 (N.D. Ill. 2008). Accordingly, in this case, the parties agree that Judge Fines' ruling denying Defendants' Motion to Dismiss and for Judgment on the Pleadings is an interlocutory order and Defendants may appeal this order only if they obtain leave from the district court. See Gierum v. Kontrick, 2002 WL 226857, at *2 (N.D. Ill. 2002), citing 28 U.S.C. § 158(a). Under 28 U.S.C. § 158(a)(3), it is within the district court's discretion whether to allow leave to appeal from an interlocutory order. See In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989); In re Auto. Prof'ls, Inc., 379 B.R. 746, 751 (N.D. Ill. 2007); In re Woltman, 2006 WL 2052078, at *1

(C.D. Ill. 2006); Gierum, 2002 WL 226857, at *2.

In their Motion for Leave to Appeal, Defendants argued that they should be allowed to appeal to this court from Judge Fines' ruling because Judge Fines erred in finding that the default judgment entered by the circuit court of Coles County was not a final judgment on the merits. Defendants further argued that, if this court would address this issue, Plaintiff's adversary complaint would be dismissed which would allow Defendants to avoid the time and expense involved in the pre-trial and trial process otherwise necessary to resolve the case. Defendants contended that no judicial resources would be wasted in resolving this legal issue at this time and that the Bank may be severely prejudiced if Plaintiff is allowed to proceed on the adversary complaint despite the existence of the default judgment from Coles County.

In her Objection, Plaintiff pointed out that Defendants bear a heavy burden to persuade this court that an interlocutory appeal should be allowed. Plaintiff contended that there is a factual question regarding whether the state court judgment entered against Plaintiff and in favor of the Bank bars Plaintiff's entire claim against Defendants pled in her adversary proceeding. Plaintiff argued that, in response to Defendants' motions, she offered ample facts in counter affidavits contesting the assertion that the Bank and its agents had any right of set off. Plaintiff contended that Defendants, in effect, are arguing that the judgment against Plaintiff on some of the notes bars Plaintiff from pursuing any claim for conversion or seizure of any funds from Plaintiff's deposit accounts. Plaintiff argued that such a conclusion "would be overly broad and not supported by either the deposit contract with the Bank or Illinois common law." Plaintiff argued that the question Defendants want this court to answer "does not turn merely on an abstract legal issue of the 'finality' of the state court judgment." Plaintiff further noted that her motion to vacate the state court judgment remains pending before the bankruptcy court. Plaintiff argued that, in the event the

bankruptcy court were to vacate the default judgment, "the issue being raised by Defendants concerning the applicability of *res judicata* is rendered completely moot." Plaintiff contended that this case does not hinge on a controlling question of law and the case will not be materially advanced by this appeal.

The Bankruptcy Code does not provide an explicit standard for assessing the appropriateness of an interlocutory appeal. Woltman, 2006 WL 2052078, at *1; Kmart Corp. v. Uniden Am. Corp., 2004 WL 2222265, at *1 (N.D. Ill. 2004); Gierum, 2002 WL 226857, at *2. However, district courts have applied the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the Court of Appeals, to the bankruptcy context. See Beale, 2008 WL 538913, at *2; In re Auto. Prof'ls, 379 B.R. at 751; In re Glenn, 2006 WL 2252529, at *2 (N.D. Ill. 2006). District courts applying the standard set forth in § 1292(b) to bankruptcy appeals have adopted its three-part test. Gierum, 2002 WL 226857, at *2. Accordingly, in considering Defendants' Motion for Leave to Appeal, this court adopts the three-part test of § 1292(b). See Woltman, 2006 WL 2052078, at *2. Under the three-part test, an interlocutory appeal is appropriate when it: (1) involves a controlling question of law; (2) over which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the termination of the litigation. See 28 U.S.C. § 1292(b); In re Auto. Prof'ls, 379 B.R. at 751; Woltman, 2006 WL 2052078, at *2. To prevail, the party seeking leave to appeal must demonstrate all of the factors. In re Auto. Prof'ls, 379 B.R. at 751. Interlocutory appeals are disfavored, and courts should only "sparingly" grant permission to take such an appeal. Woltman, 2006 WL 2052078, at *2, citing In re Brand Name Prescription Drugs Antitrust Litig., 1998 WL 808992, at *3 (N.D. Ill. 1998). The party seeking interlocutory review bears the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing

appellate review until after the entry of final judgment." Woltman, 2006 WL 2052078, at *2; Brand Name, 1998 WL 808992, at *3.

The Seventh Circuit has provided additional guidance to district courts regarding the correct application of the § 1292(b) test for the appropriateness of an interlocutory appeal. In Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674 (7th Cir. 2000), the Seventh Circuit disagreed with a decision of this court to certify an order for interlocutory appeal. In doing so, the Seventh Circuit provided a definition of "question of law" that is instructive in this case. See Gierum, 2002 WL 226857, at *3. The court stated that a "question of law" as used in § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." Ahrenholz, 219 F.3d at 676. The court then stated that interlocutory appeals should be reserved for "'pure' question[s] of law rather than merely [for] an issue that might be free from a factual contest." Ahrenholz, 219 F.3d at 676-77. The court stated that the "idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." Ahrenholz, 219 F.3d at 677; see also Woltman, 2006 WL 2052078, at *2. To summarize its holding on this point, the court stated that a "'question of law' means an abstract legal issue. . . ." Ahrenholz, 219 F.3d at 677; Gierum, 2002 WL 226857, at *3.

In this case, Defendants want an immediate appeal to challenge Judge Fines' ruling which denied its Motion to Dismiss and for Judgment on the Pleadings based on res judicata. However, this court agrees with Plaintiff that this issue is not a "controlling question of law" or an "abstract legal issue." Instead, this court finds that the issue regarding whether the state court default judgment bars Plaintiff's adversary complaint in the bankruptcy court based on res judicata is extremely complicated under the procedural circumstances here and would require review of the

affidavits filed by the parties, which Judge Fines concluded raised genuine issues of material fact.

This court concludes that, in this situation, this court could not decide the issue "quickly and cleanly without having to study the record."  See Ahrenholz, 219 F.3d at 677.  The type of review requested would not involve what the Seventh Circuit has identified as a "pure" question of law or an "abstract legal issue."  See Ahrenholz, 219 F.3d at 677; Beale, 2008 WL 538913, at *4; Woltman, 2006 WL 2052078, at *3; Gierum, 2002 WL 226857, at *3.

This court concludes that Defendants cannot satisfy the three-part test of § 1292(b).  See Ahrenholz, 219 F.3d at 676-77.  As such, this court is not justified in exercising its discretion to allow Defendants leave to appeal in this case.  Accordingly, Defendants' Motion for Leave to Appeal must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Leave to Appeal is DENIED.

(2)  This case is terminated.

ENTERED this 13th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE